IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 25, 2020, at Jackson

## STATE OF TENNESSEE v. LEONARD B. CASTEEL

**Appeal from the Circuit Court for Marshall County**
**No. 2016-CR-104    M. Wyatt Burk, Judge**

_____

### No. M2019-00611-CCA-R3-CD

_____

The Defendant, Leonard B. Casteel, pleaded guilty to two counts of aggravated assault, and he received a six-year sentence on each count. The Defendant was sentenced to serve one year for each count and to complete supervised probation for the remaining time. The Defendant was released on probation, a revocation warrant was issued, and the trial court found that the Defendant had violated the terms of his probation and ordered him to serve the remainder of his sentence in confinement. On appeal, the Defendant claims that the trial court abused its discretion by ordering him to serve the remainder of his sentence in confinement. Following our review, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Donna L. Hargrove, District Public Defender; Michael J. Collins, Assistant District Public Defender, for the appellant, Leonard B. Casteel.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Robert J. Carter, District Attorney General; and William B. Bottoms, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Defendant was arrested after he cut the victim, Mr. Benjamin Neese, in the stomach and face with a pocket knife. The victim was life flighted to the hospital to treat

severe trauma that resulted. The Defendant pleaded guilty to two counts of aggravated assault on April 11, 2017. The Defendant agreed to serve six years, the balance of which would be suspended to complete on probation after serving two consecutive one-year sentences in confinement. He received jail credit of 386 days and completed his term of confinement. He began probation on February 16, 2018. On November 21, 2018, a probation revocation warrant was issued for the Defendant, citing new criminal charges resulting from his arrest in Bedford County on November 2, 2018, and his failure to pay court costs and probation fees. The additional charges included driving under the influence, driving on revoked license, possession of drug paraphernalia, possession of a schedule IV drug for resale (Xanax), tampering with evidence, violation of the implied consent law, possession of a legend drug for resale (Viagra), and violation of the open container law. The Defendant was again arrested on January 20, 2019, for a theft occurring at a grocery store.

At the March 15, 2019 probation revocation hearing, the Defendant conceded that he violated probation and pleaded guilty to the probation violation. The trial court then heard testimony from Officer William Randt, an employee with the Tennessee Department of Correction, Ms. Sabrina Patterson, the Jail Administrator for Marshall County, and the Defendant. Officer Randt testified that the Defendant missed appointments for his "safe classes," which were a requirement of the conditions of his probation. He explained that the Defendant also owed a balance of approximately $4,500 in court costs, failed to make a payment plan or pay any fees, and was charged with additional crimes "a little over eight months" after being placed on probation. Ms. Patterson testified that, while in custody at the jail, he obtained "several write-ups" and failed to follow jail rules. She recalled an incident occurring on February 14, 2019, when the Defendant was transported by ambulance to the hospital after he tied a sheet to his arm and rolled down some steps. The Defendant remained at the Middle Tennessee Mental Health Institute for three or four days.

The Defendant admitted to pleading guilty to several crimes charged out of Bedford County that he committed after he was released on probation. He explained that he illegally possessed the Xanax found by law enforcement at the time he was charged. He testified that he was put on suicide watch at the jail because of mental health issues. He explained that he had substance abuse issues and that a treatment center in Pulaski might have accepted him into its program depending on what decision the trial court reached. He could not make the court payments because he was trying to get on disability but had not yet succeeded in doing so.

At the conclusion of the hearing, the trial court found that the Defendant was a danger to himself and others outside of confinement, and it ordered the Defendant to serve the remainder of his sentence in confinement. The Defendant appeals the trial court's order on the ground that it abused its discretion by ordering him to serve his sentence in confinement.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). A trial court finding that a defendant has violated the conditions of probation is statutorily authorized to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the Defendant to probation on appropriate modified conditions; or (4) extend the Defendant's probationary period by up to two years." *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing T.C.A. §§ 40-35-308(a), (c), -310, -311(e)(1); *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999)). In exercising its authority, a trial court has no obligation to provide a defendant already on probation "'a second grant of probation or another form of alternative sentencing.'" *State v. Tracy Arnold*, No. W2018-00307-CCA-R3-CD, 2018 WL 6266279, at *1 (Tenn. Crim. App., Nov. 30, 2018), *perm. app. denied* (Tenn. Mar. 28, 2019) (citation omitted).

The record supports the trial court's order requiring the Defendant to serve the balance of his original sentence in confinement. While on probation, the Defendant failed to attend required classes, failed to pay court costs and probation fees, and pleaded guilty to several new criminal charges. The Defendant pleaded guilty to the violation of probation, triggering the trial court's statutory authority to choose among several options. The trial court considered the evidence presented at the hearing and concluded that the Defendant should serve the remainder of his sentence in confinement. The trial court's decision was well within its statutory authority. *See* T.C.A. §§ 40-35-308(a), -308(c), -310, -311(e)(1). We conclude that the trial court did not abuse its discretion. Accordingly, the Defendant is not entitled to relief on this issue.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE